**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4056**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TYRONE DEVON UTLEY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:12-cr-00094-FL-1)

Submitted: July 23, 2019                                Decided: August 20, 2019

Before GREGORY, Chief Judge, and KING and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyrone Devon Utley appeals the district court's judgment revoking his supervised release and imposing an 11-month sentence of imprisonment. Utley argues that his revocation sentence is plainly unreasonable. We affirm.

"A district court has broad, though not unlimited, discretion in fashioning a sentence upon revocation of a defendant's term of supervised release," and we "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 206-07 (4th Cir. 2017) (internal quotation marks omitted). We review revocation sentences for both procedural and substantive reasonableness. *Id.* at 207. A sentence is procedurally reasonable if the district court considered the Sentencing Guidelines' Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) (2012) factors and adequately explained the chosen sentence. *Id.*

> [A] district court, when imposing a revocation sentence, must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a detailed-enough manner that this Court can meaningfully consider the procedural reasonableness of the revocation sentence imposed. . . . [W]here a court entirely fails to mention a party's nonfrivolous arguments in favor of a particular sentence, or where the court fails to provide at least some reason why those arguments are unpersuasive, even the relaxed requirements for revocation sentences are not satisfied.

*Id.* at. 208-09. Ultimately, the district court "must provide enough of an explanation to assure this [c]ourt that it considered the parties' arguments and had some basis for choosing the imposed sentence." *Id.* at 210.

Utley contends that his 11-month revocation sentence—in the middle of the advisory policy statement range—is plainly procedurally unreasonable because the district

2

court failed to explain the sentence or to address his arguments for a sentence below the advisory range—specifically, that Utley's continued marijuana use was caused by his mental health problems, and that he made progress while he was incarcerated, had been employed while on supervised release, and had family support. The district court correctly calculated the policy statement range and considered the relevant § 3553(a) factors, and after announcing the sentence, the court recommended that Utley receive treatment for his mental health issues and drug addiction and encouraged him to pursue additional educational and vocational training. The district court also mentioned Utley's strong family support. We thus conclude that the district court considered Utley's arguments for a lower sentence and adequately explained why it imposed a sentence in the middle of the policy statement range. Utley's revocation sentence is therefore not procedurally unreasonable, let alone plainly so.

As to substantive reasonableness, a revocation sentence within the advisory range "is presumed reasonable," *United States v. Webb*, 738 F.3d 638, 642 (4th Cir. 2013), and nothing in the record rebuts that presumption. Given the district court's broad discretion to fashion a revocation sentence, Utley's sentence is not plainly unreasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and oral argument would not aid the decisional process.

*AFFIRMED*

3